516-294-6260
212-570-2232
Fax 516-307-8410
mpremisler@premislerlaw.com

Law Offices
Michael M. Premisler
One Old Country Road
Suite 295
Carle Place, New York 11514

New York City Office
444 East 82nd Street
New York, New York 10028
By Appointment Only

Toni Buttafuoco, Paralegal
tbuttafuoco@premislerlaw.com

June 25, 2020

The Honorable William F. Kuntz, II
United States District Court Justice
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Katz v. Dale Pharmacy & Surgical, Inc.
                Civil Action No. 20-cv-1876 WFK-SJB

## PRE-MOTION REQUEST LETTER

Dear Judge Kuntz,

Pursuant to Chambers' Rule III(B), Defendant Dale Pharmacy & Surgical, Inc. hereby requests leave to move this honorable Court for an order dismissing the complaint pursuant to Fed. Rule of Civ. P. 12(b).

    Plaintiff, BRUCE E. KATZ, M.D., P.C. d/b/a JUVA SKIN AND LASER CENTER ("Plaintiff"), is a professional corporation located in New York, New York. Plaintiff purports to have received a facsimile transmission for pharmaceutical and surgical supplies which, it alleges, is in violation of the Telephone Consumer Protection Act ("TCPA"), as amended by the Junk Fax Prevention Action of 2005, 47 U.S.C. §227. See Complaint [¶12]. According to the complaint, Plaintiff alleges that it received four (4) unsolicited fax advertisements for certain pharmaceutical and surgical supplies from the Defendant. The balance of Plaintiff's complaint parrots the requisite statutory language relevant to its claim of impropriety. Then, without any basis whatsoever, Plaintiff asserts without basis that Defendant faxed the same material to "more than 40 other recipients without first receiving…express permission or consent [¶18].

    Most significantly, despite the appearance of the opt out legend on 3 of the 4 exhibits to the Plaintiff's complaint, the Plaintiff blithely asserts that the subject facsimile transmissions "did not display a proper opt-out notice as required…" (¶20). However, even a cursory review of the subject faxes made a part of the complaint demonstrates to the contrary. These documents (at least at time of transmission) all contained the legend at the bottom that affirmatively states as follows:
        IF YOU WOULD LIKE TO BE REMOVED FROM OUR FAX LIST
        CALL 800-892-0175

On this basis alone, the Plaintiff's individual claims against the Defendant are without merit or plausibility.

Furthermore, the aforementioned act plainly exempts such alleged offending communications where, as in this case:

> (b)(2)(D)(i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement; and

> (b)(2)(D)(ii) <u>the notice states that the recipient may make a request to the sender</u> of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine…

On its face, the complaint is wholly devoid of any substantive detail that supports either its purported cause of action, as a threshold matter, or the certification of a class. From the complaint, it is only that this particular Plaintiff received compliant facsimile transmissions and never undertook—or even alleged to have undertaken—to opt out despite having been offered the means for such. Further, Plaintiff simply surmises that 40 other such putative Plaintiff received such faxes.

### 1. 12(b) Standard

A complaint cannot survive a motion to dismiss under Rule 12(b) unless it "contain[s] sufficient factual matter" to state a claim for relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires more of a showing than "a sheer possibility that the Defendant has acted unlawfully." Id. It also requires "more than an unadorned, the Defendant unlawfully-harmed-me accusation" and more than "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Rather, the factual allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To meet this standard, a Plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. In addition, while the Court must accept as true the complaint's well-plead factual allegations and draw all reasonable inferences in favor of the nonmovant, the Court is not required to accept the assertions in the non-moving party's pleading that constitute conclusions of law.

### 2. Plaintiff fails to Allege Necessary Factual Foundation to Sustain Class Certification

The Plaintiff bears the burden of demonstrating that a proposed class satisfies each of the Rule 23 requirements by a preponderance of the evidence. *Messner*, 669 F.3d at 811. This Court "may not simply assume the truth of the matters as asserted by the Plaintiff." *Id.* A Plaintiff must "affirmatively demonstrate compliance with [Rule 23]--that is, [Plaintiff] must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 131 S.Ct. at 2551.

The complaint does not allege a sufficient foundation for the Plaintiff individually and certainly does not satisfy its burden in relation to the putative class.

### 3. Plaintiff is Not Entitled to Class Certification of its TCPA Claim.

In the whole, the Plaintiff's allegations, in addition to the foregoing deficiencies, fail to satisfy Rule 23's numerosity, commonality, typicality and adequacy of representation requirement. Defendant's motion will amplify the bases of such. It is evident, however, that the Plaintiff's complaint alludes to a fictitious class of recipients that—in the event they received the faxes purportedly received by the Plaintiff—would have in such case received a compliant communication. Nor has the Plaintiff demonstrated that the alleged communications to the purported 40 or more class members were in fact in receipt of non-compliant communications.

The complaint fails to demonstrate facts sufficient to satisfy Rule 23(b)(3). Indeed, "[w]hen certification is sought under Rule 23(b)(3), as it is here, proponents of the class must also show: (1) that the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members; and (2) that a class action is superior to other available methods of resolving the controversy." Messner, 669 F.3d at 814. This showing has not, and cannot, be made.

In light of the foregoing, Defendant DALE PHARMACY & SURGICAL, INC., respectfully requests that this Honorable Court grant leave to Defendant to move the Court formally for an order dismissing this action pursuant to Rule 12(b) on the basis that Plaintiff has failed to satisfy the requirements of Federal Rule of Civil Procedure 23 and for such other and further relief as it deems just and proper.

Respectfully submitted by:

LAW OFFICES OF MICHAEL M. PREMISLER

By: Michael Premisler, Esq.
Attorney for Defendant

Cc:
Shawn Kassman, Esq. (via ECF/PACER)
Patrick H. Peluso, Esq. (via ECF/PACER)
Taylor T. Smith, Esq. (via ECF/PACER)