UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF NEW YORK

-------------------------------------------------------x
BRUCE E. KATZ, M.D., P.C. D/B/A JUVA      Case No. 20-cv-01876-WFK-SJB
SKIN AND LASER CENTER, individually
and on behalf of all others similarly situated,

                     Plaintiff,

v.

DALE PHARMACY & SURGICAL, INC.,

                     Defendant,
-------------------------------------------------------x

## MEMORANDUM OF LAW

MICHAEL M. PREMISLER, ESQ.
One Old Country Road, Suite 295
Carle Place, New York 11514
Tel:   (516) 294-6260
Fax:   (516) 307-8410
mpremisler@premislerlaw.com

To:
Shawn Kassman
LAW OFFICE OF SHAWN KASSMAN, ESQ., PC
*Attorney for Plaintiff*
110 Carleton Avenue
Central Islip, New York 11722
(631) 232-9479
shawnkassman@centralisliplawyers.com
Patrick H. Peluso
Taylor T. Smith
WOODROW & PELUSO, LLC
*Attorneys for Plaintiff*
2900 E. Mexico Avenue, Suite 300
Denver, CO 80210
(720) 213-0675
peluso@woodrowpeluso.com
tsmith@woodrowpeluso.com

1

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES CITED ................................................................................................ ii

I. BACKGROUND ........................................................................................................................ 1

II. DISCUSSION ........................................................................................................................... 3

    A.   Defendants' Offer of Complete Relief to Plaintiff Divests this Court of Subject Matter Jurisdiction ................................................... 3

    B.   Basis for Dismissal/Legal Standard For Class Certification ............................... 5

        1.   12(b) Standard ........................................................................................ 5

        2.   Plaintiff fails to Allege Necessary Factual Foundation to Sustain Class Certification ................................................... 6

        3.   Plaintiff is Not Entitled to Class Certification of its TCPA Claim ............................................... 8

III. CONCLUSION ........................................................................................................................ 10

MICHAEL M.
PREMISLER, ESQ.

TABLE OF AUTHORITIES

**Cases:**

*Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir. 1983) ............................................................. 5

*Ambalu v. Rosenblatt*, 194 F.R.D. 451, 452 (E.D.N.Y. 2000) .................................................. 3

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ............................................................ 8

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ......................................................................... 5, 6

*In re: American Medical Systems, Inc.*, 75 F.3d 1069, 1078-79 (6th Cir. 1996) ..................... 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .......................................................... 5, 6

*Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) ................................................ 3

*Damasco v. Clearwire Corp.*, 662 F.3d 891, 895-896 (7th Cir. 2011) .................................. 4, 5

*Darboe v. Goodwill Industries of Greater NY & Northern NJ, Inc.*, 485 F. Supp. 2d 221 (E.D.N.Y. 2007) ............................................................................................................. 4

*DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 506-07 (E.D.N.Y. 2011) ............................................................................................................. 6

*Fox v. Bd. of Trs. of the State Univ. of New York*, 42 F.3d 135, 140 (2nd Cir. 1994) ............... 3

*General Telephone Co. v. Falcon*, 457 U.S. 147 (1982) ........................................................... 7

*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) ................................................. 3

*Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984) ....................................................... 8

*Heaven v. Trust Co. Bank*, 118 F.3d 735, 737 (11th Cir. 1997) ................................................ 8

*Krzykwa v. Phusion Projects, LLC*, No. 11-62230-CIV, 2012 U.S. Dist. LEXIS 186135 (S.D. Fla. Mar. 22, 2012) ........................................................................................... 5

*Keim v. ADF MidAtlantic, LLC*, Case No. 12-80577-CIV, 2013 U.S. Dist. LEXIS 98373, (S.D. Fla. July 15, 2013) ......................................................................................... 5

*In re Kurtzman*, 194 F.3d 54, 58 (2nd Cir. 1999) ...................................................................... 3

*Louisdor v. American Telecomms., Inc.*, 540 F. Supp. 2d 368, 372-73 (E.D.N.Y. 2008) ...............................................................................................................................4

*Messner v. Northshore University Health System*, 669 F.3d 802, 811 (7th Cir. 2012) ...............................................................................................................................7

*Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)..................3

*Pla v. Renaissance Equity Holdings LLC*, 12 Civ. 5268, 2013 U.S. Dist. LEXIS 88424 (S.D.N.Y. June 24, 2013)..........................................................................................4

*Powell v. McCormack*, 395 U.S. 486, 496 (1969) ........................................................................3

*Vogel v. American Kiosk Management*, 371 F. Supp. 2d 122,128 (D. Conn. 2005) ..................4

*Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011) .....................................................6

*Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992) ...............................................................................................................................8

*seidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981).....................8

**Statutes:**

Fed. R. Civ. P. Rule 12(b)..........................................................................................................1, 5

Fed. R. Civ. P. Rule 23:

    23(a)(1) ...............................................................................................................................9

    23(a)(2) ...............................................................................................................................9

    23(a)(3) ...............................................................................................................................9

    23(a)(4) ...............................................................................................................................9

    23(b)(2) .............................................................................................................................10

    23(b)(3) ........................................................................................................................*passim*

Fed. R. Civ. P. Rule 68 ............................................................................................................4, 5

47 U.S.C. §227 ("TCPA") ............................................................................................................1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

20-cv-1876 (WFK)(SJB)

BRUCE E. KATZ, M.D., P.C. D/B/A JUVA SKIN AND LASER CENTER, individually and on behalf of itself and all others similarly situated,

                    Plaintiff,

vs.

DALE PHARMACY & SURGICAL, INC.,

                    Defendant.

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND/OR FOR A PROTECTIVE ORDER

This memorandum of law is respectfully submitted in support of plaintiff's motion to dismiss the complaint pursuant to Fed. Rule Civ. P. 12(b).

I.     BACKGROUND

Plaintiff, BRUCE E. KATZ, M.D., P.C. d/b/a JUVA SKIN AND LASER CENTER ("Plaintiff"), is a professional corporation located in New York, New York. Plaintiff purports to have received a facsimile transmission for pharmaceutical and surgical supplies which, it alleges, is in violation of the Telephone Consumer Protection Act ("TCPA"), as amended by the Junk Fax Prevention Action of 2005, 47 U.S.C. §227. See Complaint [¶12]. According to the complaint, Plaintiff alleges that it received four (4) unsolicited fax advertisements for certain pharmaceutical and surgical supplies from the Defendant. The defendant is a supplier of pharmacological and surgical supplies and sells its products to the medical industry.

The balance of Plaintiff's complaint parrots the requisite statutory language relevant to

MICHAEL M.
PREMISLER, ESQ.

1

its claim of impropriety. Then, without any basis whatsoever, Plaintiff asserts that Defendant faxed the same material to "more than 40 other recipients without first receiving…express permission or consent [¶18].

Most significantly, despite the appearance of the opt out legend on 3 of the 4 exhibits to the Plaintiff's complaint, the Plaintiff blithely asserts that the subject facsimile transmissions "did not display a proper opt-out notice as required…" (¶20). However, even a cursory review of the subject faxes made a part of the complaint demonstrates to the contrary. These documents (at least at time of transmission) all contained the legend at the bottom that affirmatively states as follows:

> IF YOU WOULD LIKE TO BE REMOVED FROM OUR FAX LIST
> CALL 800-892-0175

On this basis alone, the Plaintiff's individual claims against the Defendant are without merit or plausibility.

Furthermore, the aforementioned act plainly exempts such alleged offending communications where, as in this case:

> (b)(2)(D)(i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement; and
>
> (b)(2)(D)(ii) <u>the notice states that the recipient may make a request to the sender</u> of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine…

On its face, the complaint is wholly devoid of any substantive detail that supports either its purported cause of action, as a threshold matter, or the certification of a class. From the complaint, it is only that this particular Plaintiff received compliant facsimile transmissions and never undertook—or even alleged to have undertaken—to opt out despite having been offered

MICHAEL M.
PREMISLER, ESQ.

2

the means for such. Further, Plaintiff simply surmises that 40 other such putative Plaintiff received such faxes.

## II. DISCUSSION

*A. Defendants' Offer of Complete Relief to Plaintiff Divests this Court of Subject Matter Jurisdiction*

Where the issues presented in a case are no longer live or the parties lack a legally cognizable interest in the outcome, the case is moot and may no longer be tried. *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996). If a controversy is moot, then the Court lacks subject matter jurisdiction over the action. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992); see also *Fox v. Bd. of Trs. of the State Univ. of New York*, 42 F.3d 135, 140 (2nd Cir. 1994). "A case is moot, and accordingly the federal courts have no jurisdiction over the litigation, when the parties lack a legally cognizable interest in the outcome. . . . The required legally cognizable interest has alternatively been described as a requirement that a plaintiff have a personal stake in the litigation." *Fox*, 42 F.3d at 140 (internal quotations and citations omitted). "Without such a personal stake, a court lacks subject matter jurisdiction and the case must be dismissed." *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 452 (E.D.N.Y. 2000) (citing *Fox*, 42 F.3d at 140)). "[A] case becomes moot . . . when it is impossible for the court to grant any effectual relief whatever to a prevailing party." *In re Kurtzman*, 194 F.3d 54, 58 (2nd Cir. 1999).

The U.S. Supreme Court recently determined that an offer of judgment to a named plaintiff could moot an FLSA collective action. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013). In Genesis, the defendants, when answering the complaint in a putative collective action, simultaneously served upon the plaintiff an offer of judgment, and after the

plaintiff rejected the offer, defendants filed a motion to dismiss for lack of subject matter jurisdiction. There was only one named plaintiff and no other individuals had opted-in or shown interest in joining the matter. In reversing the Third Circuit Court of Appeals, the Court held that once the plaintiff received the Rule 68 Offer of Judgment, she no longer had a "personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness." *Id.* at 1532. Importantly, the Court specifically held that there is nothing inherently wrong with a strategy of "picking off" a named plaintiff by properly making a proper offer of judgment as to all relief to which a plaintiff would be entitled. *Id.* at 1531.

In this regard, district courts in the Second Circuit have held that an offer of judgment moots a FLSA collective action where the amount offered would satisfy all damages for the plaintiff, plus all costs and attorneys' fees. *Pla v. Renaissance Equity Holdings LLC*, 12 Civ. 5268, 2013 U.S. Dist. LEXIS 88424 (S.D.N.Y. June 24, 2013); *Louisdor v. American Telecomms., Inc.*, 540 F. Supp. 2d 368, 372-73 (E.D.N.Y. 2008). This is true even where plaintiff rejects the offer of judgment. *Darboe v. Goodwill Industries of Greater NY & Northern NJ, Inc.*, 485 F. Supp. 2d 221 (E.D.N.Y. 2007) (dismissing FLSA collective action both for named plaintiff and collective proceeding where defendant made offer of judgment following close of discovery); *Ward v. The Bank of New York*, 455 F. Supp. 2d 262 (S.D.N.Y. 2006); *Vogel v. American Kiosk Management*, 371 F. Supp. 2d 122, 128 (D. Conn. 2005).

In this case, Defendants' have fully and properly offered complete relief as if the Plaintiff proved at trial all of the factual elements that would entitle it to treble damages multiplied by the $500.00 statutory award plus reasonable legal fees. Thus, as same to applies to the present case, a proper offer made before a (class certification) motion is filed moots a

MICHAEL M. PREMISLER, ESQ.

4

named plaintiff's case. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895-896 (7th Cir. 2011)(holding that FLSA case was moot because the plaintiff had not moved for class certification by the time the defendant made its settlement offer: "After *Clearwire* made its offer, Damasco's federal case was over."); *Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir. 1983)[securities litigation mooted by offer made before certification motion]; *Keim v. ADF MidAtlantic, LLC*, Case No. 12-80577-CIV, 2013 U.S. Dist. LEXIS 98373, (S.D. Fla. July 15, 2013)[lawsuit under Telephone Consumer Protection Act deemed mooted by offer before certification motion: "Because the Court concludes that Defendants' offer of judgment provided Plaintiff full relief in this case, Plaintiff's case was over as soon as the offer was made."]; *Krzykwa v. Phusion Projects, LLC*, No. 11-62230-CIV, 2012 U.S. Dist. LEXIS 186135 (S.D. Fla. Mar. 22, 2012)[pre-motion offer moots Deceptive and Unfair Trade Practices Act lawsuit].

As for the balance of the theoretical class, the Supreme Court in Genesis observed that "[w]hile settlement may have the collateral effect of foreclosing enjoined claimants from having their rights vindicated in respondent's suit, such putative plaintiffs remain free to vindicate their rights in their own suits. They are no less able to have their claims settled or adjudicated following respondent's suit than if her suit had never been filed at all." 133 S. Ct. at 1530.

*B. Basis for Dismissal/Legal Standard For Class Certification*

Even were the Court to determine that the Rule 68 Offer does not moot the case, Plaintiff's complaint should be dismissed for failure to state claim for relief.

**1.     12(b) Standard**

A complaint cannot survive a motion to dismiss under Rule 12(b) unless it "contain[s]

MICHAEL M.
PREMISLER, ESQ.

5

sufficient factual matter" to state a claim for relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires more of a showing than "a sheer possibility that the defendant has acted unlawfully." Id. It also requires "more than an unadorned, the defendant unlawfully-harmed-me accusation" and more than "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Rather, the factual allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To meet this standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. In addition, while the Court must accept as true the complaint's well-plead factual allegations and draw all reasonable inferences in favor of the nonmovant, the Court is not required to accept the assertions in the non-moving party's pleading that constitute conclusions of law. *Id.* In ruling on a motion to dismiss, the Court is not limited to consideration of the facts alleged in the complaint. *DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 506-07 (E.D.N.Y. 2011) (FLSA case). The Court may also consider, inter alia: (1) any documents that are "integral to the complaint and upon in it even if not attached or incorporated by reference;" (2) any "documents or information contained in the defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint;" and (3) any "facts on which judicial notice may be properly taken under Federal Rule of Evidence 201." *Id.*

    **2.**    **Plaintiff fails to Allege Necessary Factual Foundation to Sustain Class Certification**

Plaintiff intends to seek class certification pursuant to Rule 23 of the Federal Rules of

Civil Procedure. This claim is also mooted because Plaintiff cannot sustain a claim for class certification. The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only . . . [i]n order to justify a departure from that rule, 'a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011).

In order to be certified, a proposed class must satisfy the requirements of Federal Rule of Civil Procedure 23(a), as well as one of the three alternatives in Rule 23(b). *Messner v. Northshore University Health System*, 669 F.3d 802, 811 (7th Cir. 2012). District courts are mandated by the Supreme Court to conduct a 'rigorous analysis' into whether the prerequisites of Rule 23 are met before certifying a class." *In re: American Medical Systems, Inc.*, 75 F.3d 1069, 1078-79 (6th Cir. 1996) citing *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982).

Plaintiff bears the burden of demonstrating that a proposed class satisfies each of the Rule 23 requirements by a preponderance of the evidence. *Messner*, 669 F.3d at 811. This Court "may not simply assume the truth of the matters as asserted by the plaintiff." Id. A plaintiff must "affirmatively demonstrate compliance with [Rule 23]-that is, [plaintiff] must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 131 S.Ct. at 2551.

*Rule 23* provides in pertinent part:

(a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

...

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

*Fed. R. Civ. P. 23.*

An action may be maintained as a class action only if all four prerequisites of Rule 23(a) are satisfied and, in addition, the requirements of one of the three subsections of Rule 23(b) are also met. *Heaven v. Trust Co. Bank*, 118 F.3d 735, 737 (11th Cir. 1997); see also *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).

Though certification of class is within the discretion of the District Court, *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992), "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Id.* at 1570 n.11. A class action may then be certified only if the court is satisfied,

MICHAEL M.
PREMISLER, ESQ.

8

after a rigorous analysis, that the prerequisites of Rule 23 have been met. *Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984). The burden of establishing these requirements is on the plaintiff who seeks to certify the suit as a class action. *Heaven*, 118 F.3d at 737 [citing Gilchrist, 733 F.2d at 1556; *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981)].

### 3. Plaintiff is Not Entitled to Class Certification of its TCPA Claim.

Plaintiff intends to ask the Court tc certify a clearly specious and speculative TCPA class comprised of: "[A]ll All persons in the United States who (1) on or after four years prior to the filing of the initial complaint in this action, (2) were sent, by Defendant or on Defendant's ehalf, (3) a telephone facsimile message substantially similar to those attached as Group Exhibit A, (4) from whom Defendant claims it obtained prior express permission or invitation to send faxes in the same manner as Defendant claims it obtained prior express permission or invitation to send a fax the Plaintiff."

The complaint alleges—without factual support—that the proposed class meets Rule 23(a)(1)'s numerosity requirement because the proposed TCPA class is alleged without any substantive though it asserts approximately forth violative transmissions. Plaintiff also contends that it has satisfied the commonality requirement of Rule 23(a)(2) ostensibly because each member of the class allegedly received the fax advertisement with an opt-out notice that was identical or substantially similar to that allegedly received by Plaintiff. However, there is not basis from the face of complaint to justify this conclusion. Plaintiff further points out, albeit erroneously, that typicality under Rule 23(a)(3) has also been satisfied because, accordingly to plaintiff, "the Defendant has acted the same or in a similar manner with respect to the Plaintiff and all of the [putative] class members."

MICHAEL M.
PREMISLER, ESQ.

9

The complaint additionally alleges "common conduct" and "predominance, superiority and manageability" militate in favor of class certification. However, an analysis of the very bare and unlikely factual scenario alleged by the plaintiff belies the need for or appropriateness of class certification in this case.

Defendant disputes Plaintiff's ability to satisfy all of the aforementioned requisite elements necessary for class certification. Plaintiff's complaint is wholly devoid of any substantive allegations that could, even if taken as true, satisfy the numerosity, commonality, typicality, and adequacy of representation requirements. The bare and improbable pleading of Plaintiff fails to establish that the fundamental legal and factual issues surrounding its claims do not share the same factual situations of claims of the putative nationwide (or New York statewide) class members that Plaintiff purports to represent. Plaintiff's claims are not typical or common with the fictitious class of recipients alleged by plaintiff. Nor is this Plaintiff, a medical practice, an adequate class representative as it is clearly an opportunistic litigant that was clearly, at best, an inadvertent recipient of the subject fax advertisement for surgical supplies.

Finally, it would be wholly inappropriate to certify a class under Rule 23(b)(2) because monetary relief predominates. The offer of judgment moots any claim for relief made by this Plaintiff. This Plaintiff no longer has "personal interest in representing …" the unnamed parties, nor does it have a continuing interest it would preserve this claim. Genesis Healthcare Corp. v. Symczk, 133 S. Ct. 1523 (2013). Therefore, for all of the arguments herein presented, it is respectfully submitted that the Plaintiff will not be able to sustain a claim for class certification class certification and therefore this case is mooted by Defendant's offer of judgment and must be dismissed.

MICHAEL M.
PREMISLER, ESQ.

10

## Ill. CONCLUSION

In light of the foregoing, Defendant DALE PHARMACY & SURGICAL, INC., respectfully requests that this Honorable Court grant it's s Motion to dismiss this complaint and grant to Defendant such other and further relief as it deems just and proper.

Dated: Carle Place, New York
August 5, 2020

Respectfully submitted by:

By: Michael Premisler, Esq.
*Attorney for Defendant*
One Old Country Road
Carle Place, NY 11514
Tel: 516-294-6260
Fax: 516-747-6384
mpremisler@premislerlaw.com

To:
Shawn Kassman
LAW OFFICE OF SHAWN KASSMAN, ESQ., PC
*Attorney for Plaintiff*
110 Carleton Avenue
Central Islip, New York 11722
(631) 232-9479
shawnkassman@centralisliplawyers.com

Patrick H. Peluso
Taylor T. Smith
WOODROW & PELUSO, LLC
*Attorneys for Plaintiff*
2900 E. Mexico Avenue, Suite 300
Denver, CO 80210
(720) 213-0675
ppeluso@woodrowpeluso.com
tsmith@woodrowpeluso.com