UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____    20-cv-1876 (WFK)(SJB)
BRUCE E. KATZ, M.D., P.C. D/B/A JUVA SKIN AND
LASER CENTER, individually and on behalf of itself and all
 others similarly situated,

        Plaintiff,
 vs.

DALE PHARMACY & SURGICAL, INC.,

        Defendant.
_____


DEFENDANT'S MEMORANDUM OF LAW IN REPLY AND IN  FURTHER
SUPPORT OF  DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT WITH PREJUDICE AND/OR FOR A PROTECTIVE ORDER


  This memorandum of law is respectfully submitted in reply to plaintiff's opposition and in  further support of  plaintiff's motion to dismiss the complaint pursuant to Fed. Rule Civ. P. 12(b).

        I. INTRODUCTION

  Rule 23 was not enacted as a blank check for the plaintiff's bar to enable predatory plaintiffs to legal attack small business owners in substantial compliance with the TCPA and, at the same time, generate disproportionate legal fees for counsel.  The Plaintiff is not entitled to class certification as he has failed to establish his right to so proceed.  Contrary to the Plaintiff's argumentative diatribe, this alleged activity of the defendant Dale Pharmacy was not a "clear violation" of the TCPA.  In fact, the record clearly demonstrates substantial compliance with the Act on the part of this defendant.  The Plaintiff has failed to establish by any measure that his individual claims against the Defendant contain appropriate merit or plausibility.

1

## II.  DISCUSSION

    A.    *Defendants' Offer of Complete Relief to Plaintiff Divests this Court of Subject Matter Jurisdiction*

Where the issues presented in a case are no longer live or the parties lack a legally cognizable interest in the outcome, the case is moot and may no longer be tried. *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996).  To the extent that the Plaintiff is able to show (a point not conceded) that all four of the purported transmissions were violative, then defendant will seek leave to amend its offer of judgment to $6,000.

    B.    *Defendant Substantially Complied with the Opt-Out Provision of the TCPA*

Even were the Court to determine that the Rule 68 Offer does not moot the case, Plaintiff's complaint should be dismissed for failure to state claim for relief.  Despite its assertions to the contrary, the Plaintiff as failed to provide a means for the Court to determine whether each of the potential class members consented to receive the subject Fax.  Having failed to proffer any viable method of determining individual consent which does not require individualized, fact-based "mini-trials" for each potential class member, Plaintiff cannot make any persuasive showing that these mini-trials would not come to predominate this litigation if a class were certified. *Gorss Motels, Inc. v. AT&T Mobility LLC*, Dist. Court, D. Connecticut 2019; see *Glatt v. Fox. Searchlight Pictures,* 811 F.3d 528, 538 (2d Cir. 2016) (holding that plaintiff bears burden of showing that predominance requirement is met). Plaintiff here has not met its burden to demonstrate that the requirements of Rule 23 are met. See *Raitport v. Harbour Capital*

*Corp.*, 312 F. Supp. 3d 225, 234-235 (D.N.H. 2018)(citing cases "den[ying] class certification in cases involving allegedly defective opt-out notices and arising under the TCPA" because of question of individualized consent, and denying class certification for Plaintiff's failure to show that "questions of law common to class members predominate")

    C.    *Plaintiff has not met its burden under Rule 23*

A party seeking class certification under Fed. R. Civ. P. 23 "`must affirmatively demonstrate. compliance with the Rule,' and a district court may only certify a class if it `is satisfied, after a rigorous analysis,' that the requirements of Rule 23 are met." *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229, 237-38 (2d Cir. 2012) The proponent of class certification bears the burden of showing that the proposed class satisfies Rule 23's requirements. *Glatt v. Fox. Searchlight Pictures*, 811 F.3d 528, 538 (2d Cir. 2016). The requirements of both Rule 23(a) and (b) must be met for a class to be certified. Under Rule 23(a), a class may be certified only if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Rule 23 also incorporates an "implied requirement of ascertainability" of the class. *Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015). Certification under Rule 23(b)(3) permits the certification of a class only where "the questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." As argued previously, the Plaintiff has not and cannot meet this burden.

Given the variety of potential sources of individual consent to receive the subject fax, the Plaintiff here has not proffered any viable method of determining individual consent which does not require individualized, fact-based "mini-trials" for each potential class member, nor has Plaintiff made any persuasive showing that these mini-trials would not come to predominate this litigation if a class were certified. See *Glatt v. Fox Searchlight Pictures, Inc.,* 811 F.3d 538 (2d Cir. 2015)(holding that plaintiff bears burden of showing that predominance requirement is met). Plaintiff here has not met its burden to demonstrate that the requirements of Rule 23 are met. See *Raitport v. Harbour Capital Corp.*, 312 F. Supp. 3d 225 (D.N.H. 2018)(citing cases "denying class certification in cases involving allegedly defective opt-out notices and arising under the TCPA" because of question of individualized consent, and denying class certification for Plaintiff's failure to show that "questions of law common to class members predominate").

III. CONCLUSION

In light of the foregoing, Defendants DALE PHARMACY & SURGICAL, INC., respectfully requests that this Honorable Court deny Plaintiff's Motion for Class Certification on the grounds of mootness, lack of subject matter jurisdiction and that Plaintiff has failed to satisfy the requirements of Federal Rule of Civil Procedure 23 and to Defendants such other and further relief as it deems just and proper.

Dated: Carle Place, New York
October 14, 2020

Respectfully submitted by:
LAW OFFICES OF MICHAEL M. PREMISLER

_____
By: Michael Premisler, Esq.
*Attorney for Defendant*
One Old Country Road
Carle Place, NY 11514
Tel: 516-294-6260
Fax: 516-747-6384
mpremisler@premislerlaw.com

To:
Shawn Kassman
LAW OFFICE OF SHAWN KASSMAN, ESQ., PC
*Attorney for Plaintiff*
110 Carleton Avenue
Central Islip, New York 11722
(631) 232-9479
shawnkassman@centralisliplawyers.com

Patrick H. Peluso
Taylor T. Smith
WOODROW & PELUSO, LLC
*Attorneys for Plaintiff*
2900 E. Mexico Avenue, Suite 300
Denver, CO 80210
(720) 213-0675
ppeluso@woodrowpeluso.com
tsmith@woodrowpeluso.com