UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

BRUCE E. KATZ, M.D., P.C., individually
and on behalf of all others similarly
situated, d/b/a JUVA SKIN AND LASER
CENTER,

                Plaintiff,

      -against-

DALE PHARMACY & SURGICAL, INC.,

                Defendant.

----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
20-CV-1876 (WFK) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

    Plaintiff Bruce E. Katz, M.D., P.C. d/b/a Juva Skin and Laser Center ("Plaintiff") brings this action individually and on behalf of others similarly situated against Dale Pharmacy & Surgical, Inc. ("Defendant"), alleging that Defendant sent Plaintiff unsolicited fax advertisements in violation of the Telephone Consumer Protection Act (the "TCPA"), as amended by the Junk Fax Protection Act, 47 U.S.C. § 227. (*See generally* Complaint ("Compl."), ECF No. 1.) Currently pending before the Court is Defendant's motion to dismiss, which the Honorable William F. Kuntz, II, referred to the undersigned Magistrate Judge for a report and recommendation. (Motion to Dismiss ("Mot."), ECF No. 18; Feb. 17, 2022 Order, ECF No. 29.) For the reasons set forth below, the Court respectfully recommends that Defendant's motion be denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff is a New York professional corporation operating in Manhattan. (Compl., ECF No. 1, ¶ 1.) Defendant is a Queens-based New York corporation. (*Id.* ¶ 2.) Plaintiff initiated this putative class action on April 22, 2020, alleging that Defendant

"transmitted . . . four unsolicited faxes to Plaintiff" between May 30, 2019, and October 3, 2019, in violation of 47 U.S.C. § 227(b)(1). (*Id.* ¶¶ 11–13, 31–40.) The faxes in question advertised the sale of Defendant's medical supplies, such as table paper, latex gloves, and needles. (*See* Defendant's Faxes ("Def.'s Faxes"), attached as Ex. A to Compl., ECF No. 1-3; Compl., ECF No. 1, ¶ 15.)

According to the complaint, Plaintiff "had not impliedly or expressly invited or given permission to Defendant to send the [] Faxes and had no prior relationship with Defendant." (Compl., ECF No. 1, ¶ 17.) Plaintiff also claims that "[o]n information and belief, Defendant faxed the same unsolicited facsimiles to Plaintiff and more than 40 other recipients without first receiving . . . permission[.]" (*Id.* ¶ 18.) Further, Plaintiff alleges that despite Defendant's inclusion of an opt-out telephone number on three of the four faxes, "Defendant's facsimile did not display a proper opt-out notice" as required by statute and corresponding regulations. (*See* Def.'s Faxes, ECF No. 1-3; Compl., ECF No. 1, ¶¶ 20, 35–36.) As a result of Defendant's conduct, Plaintiff seeks statutory damages of "$500 per fax, to be trebled if willfulness is found," as well as "injunctive and corresponding declaratory relief." (Compl., ECF No. 1, ¶ 41; *see also id.* ¶¶ 11, 38, Prayer for Relief.)

As noted, Defendant now moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). (*See* Mot., ECF No. 18; Pl.'s Resp. in Opp'n to Mot. ("Pl.'s Resp."), ECF No. 19-1; Def.'s Reply in Supp. of Mot. ("Def.'s Reply"), ECF No. 22.)[1] Defendant's

---

[1] The Court notes that due to defense counsel's unanticipated technical difficulties in filing the motion to dismiss, Plaintiff's counsel filed Defendant's fully-briefed motion "as a professional courtesy." (*See* Mot., ECF No. 18; *see also* Pl.'s Resp., ECF No. 19-1; Oct. 19, 2020 Letter, ECF No. 23.) The Court further notes that some filings were submitted twice, and that ECF Nos. 20 and 21 appear to be duplicates of ECF Nos. 18 and 19, respectively. For the sake of clarity, the Court refers only to ECF Nos. 18 and 19 throughout.

2

motion was referred to the undersigned Magistrate Judge for a report and recommendation on February 17, 2022. (Feb. 17, 2022 Order, ECF No. 29.)

For the reasons set forth below, the Court respectfully recommends that Defendant's motion be denied in its entirety.

## DISCUSSION

### I. Legal Standards

#### A. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires establishing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019) (explaining that courts are "not required to credit conclusory allegations or legal conclusions couched as factual allegations"); *Jackson v. Nassau Cnty.*, No. 18-CV-3007 (JS) (AKT), 2021 WL 3207168, at *5 (E.D.N.Y. July 28, 2021) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quoting *Twombly*, 550 U.S. at 555)).

At the motion to dismiss stage, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). When deciding a motion to dismiss, the court

3

does not "weigh the evidence that might be presented at trial but merely determines whether the complaint itself is legally sufficient." *Bertuglia v. City of New York*, 839 F. Supp. 2d 703, 713 (S.D.N.Y. 2012). In addition, although the scope of review for Rule 12(b)(6) motions is generally limited to the complaint, courts may consider "'documents incorporated in [the complaint] by reference' and documents which are 'integral to plaintiff['s] claim.'" *Benny v. City of Long Beach*, No. 20-CV-1908 (KAM), 2021 WL 4340789, at *5 (E.D.N.Y. Sept. 23, 2021) (alterations in original) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991)).

### B. Telephone Consumer Protection Act

"Under the TCPA, it is unlawful for 'any person within the United States' to send a fax that is an 'unsolicited advertisement'—unless, inter alia, the fax has an opt-out notice meeting certain requirements." *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharms., Inc.*, 847 F.3d 92, 94 (2d Cir. 2017) (quoting 47 U.S.C. § 227(b)(1)(C)); *see also Bruce Katz, M.D., P.C. v. Focus Forward, LLC*, 22 F.4th 368, 370 (2d Cir. 2022) (per curiam). An "unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5); *see also Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 537 (2d Cir. 2018).

Notably, "the TCPA excepts a narrow category of unsolicited faxes," including "if the sender (a) has an 'established business relationship' with the recipient, (b) obtains the recipient's fax number through certain means, and (c) includes a detailed opt-out notice on the first page of the fax." *Gorss Motels, Inc. v. Fed. Commc'ns Comm'n*, 20 F.4th 87, 92–93 (2d Cir. 2021) (citing 47 U.S.C. § 227(b)(1)(C)(i)–(iii)); *see also Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, 367 F. Supp. 3d 93, 112 (S.D.N.Y. 2019). Of

particular relevance here, the opt-out notice must, among other things, (1) be "clear and conspicuous and on the first page of the unsolicited advertisement;" (2) state that the recipient can request that the sender not "send any future unsolicited advertisements," and that the sender's failure to comply "within the shortest reasonable time . . . is unlawful;" and (3) include a cost-free, domestic "telephone and facsimile machine number for the recipient to transmit such a request to the sender." 47 U.S.C. § (b)(2)(D)(i)–(vi); *see also* 47 C.F.R. § 64.1200(a)(4)(iii); *Bais Yaakov of Spring Valley*, 367 F. Supp. 3d at 112–13. Lastly, the statute "creates a private right of action, providing for statutory damages in the amount of $500 for each violation as well as injunctive relief against future violations." *Physicians Healthsource, Inc.*, 847 F.3d at 94–95 (citing 47 U.S.C. § 227(b)(3)).

## II. Analysis

In this case, Defendant argues that Plaintiff's complaint should be dismissed for three reasons. First, Defendant contends that its unaccepted offer of judgment, made under Federal Rule of Civil Procedure 68, renders Plaintiff's claims moot and that the Court thus does not have subject matter jurisdiction. (Mot., ECF No. 18, at 11–13; Def.'s Reply, ECF No. 22, at 2.)[2] Second, Defendant posits that its faxes substantially complied with the TCPA's opt-out provisions, exempting Defendant from liability. (Mot., ECF No. 18, at 10–11; Def.'s Reply, ECF No. 22, at 2–3.) And third, Defendant argues that Plaintiff's complaint fails to meet the requirements for class certification under Federal

---

[2] The page numbers cited herein for the parties' submissions refer to the ECF page numbers shown in the upper right corner of the documents.

Rule of Civil Procedure 23.[3] (Mot., ECF No. 18, at 14–18; Def.'s Reply, ECF No. 22, at 3–4.) The Court addresses each argument in turn.

### A. Rule 68 Offer of Judgment

As an initial matter, Defendant's contention that a rejected Rule 68 offer of judgment makes Plaintiff's case moot is wholly without merit. (*See* Mot., ECF No. 18, at 11–13, 24–25; Def.'s Reply, ECF No. 22, at 2.) As Plaintiff points out, the United States Supreme Court has expressly held that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case . . . ." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016), *as revised* (Feb. 9, 2016); (Pl.'s Resp., ECF No. 19-1, at 3–4). *See also Radha Geismann, M.D., P.C.*, 850 F.3d at 509 ("An unaccepted Rule 68 offer of judgment is, regardless of its terms, a legal nullity.").

### B. Sufficiency of Plaintiff's TCPA Allegations

For the purposes of analyzing the motion to dismiss, the Court accepts as true Plaintiff's allegations that the four faxes were unsolicited and that Plaintiff had no prior relationship with Defendant. (Compl., ECF No. 1, ¶ 17.)[4] In addition, the parties do not appear to dispute that Defendant's faxes constituted an "unsolicited advertisement" as defined by 47 U.S.C. § 227(a)(5). (*See generally* Def.'s Faxes, ECF No. 1-3; Mot., ECF No. 18; Def.'s Reply, ECF No. 22.) Therefore, the only question for the Court is whether Plaintiff's allegations are sufficient to give rise to a plausible inference that Defendant's

---

[3] During a June 14, 2021 conference before the Court, the parties indicated that they were in the process of briefing Plaintiff's motion for class certification. (*See* June 14, 2021 ECF Minute Entry and Order; *see also* Mar. 15, 2021 Letter, ECF No. 24; Apr. 15, 2021 Letter, ECF No. 25.) However, to date, no such motion has been filed.

[4] The Court notes that it may consider the faxes themselves in connection with its Rule 12(b)(6) analysis, as they were "attached to and incorporated by reference in the Complaint, and as there is no dispute between the parties as to its authenticity." *Carolyn M. Machonis, O.T., PLLC v. Universal Surv. Ctr., Inc.*, No. 18-CV-10978 (AJN) (DF), 2020 WL 9815183, at *5 (S.D.N.Y. Feb. 21, 2020).

faxes did not display a proper opt-out notice. (*See* Compl., ECF No. 1, ¶ 20; Pl.'s Resp., ECF No. 19-1, at 4–6.)

Here, Defendant argues that it is exempt from liability under the TCPA because three of the four faxes sent to Plaintiff contained an iteration of the following language: "IF YOU WOULD LIKE TO BE REMOVED FROM OUR FAX LIST CALL 800-892-0175." (Def.'s Faxes, ECF No. 1-3; Mot., ECF No. 18, at 10; Def.'s Reply, ECF No. 22, at 2–3.) However, for a sender of unsolicited fax advertisements to be exempt under the TCPA, the sender must (1) have "an established business relationship with the recipient;" (2) obtain the recipient's number through voluntary disclosure; *and* (3) satisfy the specific statutory and regulatory opt-out notice requirements. 47 U.S.C. § 227(b)(1)(C)(i)–(iii); *see also* 47 C.F.R. § 64.1200(a)(4)(i)–(iii); *Gorss Motels, Inc.*, 20 F.4th at 92–93.

In this case, Plaintiff has plausibly alleged that there was no established business relationship between the parties. (Compl., ECF No. 1, ¶ 17; *see also* Pl.'s Resp., ECF No. 19-1, at 5–6.) On this basis alone, Defendant's argument fails. *See Bais Yaakov of Spring Valley*, 367 F. Supp. 3d at 113 ("While the TCPA permits a fax advertiser to send unsolicited fax advertisements when all three of the conditions in 47 C.F.R. § 64.1200(a)(4)(i)–(iii) and 47 U.S.C. § 227(b)(1)(C)(i)–(iii) are satisfied, it is not sufficient for only one of those conditions to be met."). However, even if Defendant established a prior business relationship with Plaintiff and demonstrated that it obtained Plaintiff's fax number in an appropriate fashion, Defendant's motion would still fail because Plaintiff has plausibly alleged that the faxes do not comport with the relevant opt-out notice requirements. Specifically, Defendant's faxes do not state "that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to

7

comply, within 30 days, with such a request . . . is unlawful[.]" 47 C.F.R. § 64.1200(a)(4)(iii)(B); *see also* 47 U.S.C. § 227(b)(2)(D)(ii).

Accordingly, Plaintiff has sufficiently stated a claim under the TCPA, and the Court therefore recommends denying Defendant's Rule 12(b)(6) motion. *See, e.g., Rosenzweig v. Ro Gallery Image Makers, Inc.*, No. 18-CV-2736 (ADS) (SIL), 2019 WL 3388902, at *4 (E.D.N.Y. July 26, 2019).

### C. Sufficiency of Plaintiff's Rule 23 Allegations

Lastly, Defendant argues that Plaintiff's complaint should be dismissed because "Plaintiff cannot sustain a claim for class certification." (Mot., ECF No. 18, at 15; *see also id.* at 17–18; Def.'s Reply, ECF No. 22, at 3–4.) "[D]istrict courts in this Circuit have frequently found that a determination of whether the Rule 23 requirements are met is more properly deferred to the class certification stage, where a more complete factual record can aid the court in making this determination." *Winfield v. Citibank, N.A.*, 842 F. Supp. 2d 560, 573 (S.D.N.Y. 2012); *see also Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317, 324 (S.D.N.Y. 2010) ("In many circumstances, it may be 'inappropriate to make a preliminary assessment of the merits of a case in order to determine if it could be maintained as a class action.'" (quoting *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998))); *Andrade v. JP Morgan Chase Bank, N.A.*, No. 08-CV-3703 (RRM) (RLM), 2009 WL 2899874, at *4 (E.D.N.Y. Sept. 4, 2009) ("Whether Plaintiff can meet her burden with respect to 'commonality,' 'typicality,' and the other requirements of Rule 23 is a question that must await a motion seeking class certification, and the Court expresses no opinion on it at this stage in the litigation."). Here, the Court finds that it would be premature to dismiss Plaintiff's class action allegations, particularly given that no motion for class certification has been filed. (*See* Compl., ECF No. 1, ¶¶ 21–29; *supra* note 3.)

8

The Court respectfully recommends denying Defendant's motion to dismiss Plaintiff's class action allegations at this stage, "without prejudice to its right to oppose class certification on these same grounds." *Cohen*, 686 F. Supp. 2d at 324; *cf. Travis v. Navient Corp.*, 460 F. Supp. 3d 269, 286 (E.D.N.Y. 2020) ("Since it would be premature to decide this fact-specific argument at this juncture, [Defendant]'s motion to strike [Plaintiff's] class allegations is denied. [Defendant] may raise these arguments if [Plaintiff] moves for class certification pursuant to Federal Rule of Civil Procedure 23.").

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Defendant's motion to dismiss be denied.

\*   \*   \*   \*   \*

Any objections to this report and recommendation must be filed within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

SO ORDERED.

Dated: Brooklyn, New York
March 2, 2022

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

9