```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
BRUCE E. KATZ,                                              :
                                                            :
                        Plaintiff,                          :
                                                            :   ORDER
        v.                                                  :   20-CV-1876 (WFK)(TAM)
                                                            :
DALE PHARMACY & SURGICAL, INC.,                             :
                                                            :
                        Defendant.                          :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On March 2, 2022, Magistrate Judge Taryn A. Merkl issued a Report and Recommendation ("R&R") in the above-captioned action. ECF No. 30. The R&R recommends the Court deny Defendant's motion to dismiss the Complaint, stating in relevant part:

> As an initial matter, Defendant's contention that a rejected Rule 68 offer of judgment makes Plaintiff's case moot is wholly without merit. . . . As Plaintiff points out, the United States Supreme Court has expressly held that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case . . . ." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016), *as revised* (Feb. 9, 2016); (Pl.'s Resp., ECF No. 19-1, at 3–4).
> . . . .
> Plaintiff has plausibly alleged that there was no established business relationship between the parties. . . . Accordingly, Plaintiff has sufficiently stated a claim under the TCPA, and the Court therefore recommends denying Defendant's Rule 12(b)(6) motion.
> . . . .
> [T]he Court finds that it would be premature to dismiss Plaintiff's class action allegations, particularly given that no motion for class certification has been filed. . . . The Court respectfully recommends denying Defendant's motion to dismiss Plaintiff's class action allegations at this stage, "without prejudice to its right to oppose class certification on these same grounds." *Cohen*, 686 F. Supp. 2d at 324; *cf. Travis v. Navient Corp.*, 460 F. Supp. 3d 269, 286 (E.D.N.Y. 2020) ("Since it would be premature to decide this fact-specific argument at this juncture, [Defendant]'s motion to strike [Plaintiff's] class allegations is denied. [Defendant] may raise these arguments if [Plaintiff] moves for class certification pursuant to Federal Rule of Civil Procedure 23.").

The parties did not file any objections to the R&R, which were due by Wednesday, March 16, 2022. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). The Court reviews an R&R for

clear error when no objections have been filed. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007) (Garaufis, J.). The Court finds no such error here. The Court therefore adopts the R&R in its entirety and DENIES the Defendant's motion to dismiss at ECF No. 18.

**SO ORDERED.**

**s/ WFK**
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 22, 2022
      Brooklyn, New York